

**MEMO ENDORSED**

5 Waller Avenue • Suite 200 • White Plains, NY • 10601
**tel** 914.353.3850 • **fax** 914.353.3851 • www.wshblaw.com

**Jared K. Levy**

**direct dial** 914.353.3859
**email** jlevy@wshblaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_3/27/2026____
```

February 27, 2026

***VIA ECF***

The Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     ***Letter Motion for Leave to File Confidential Settlement Agreement Under Seal***
***ECF No. 22 Trisa Harris v Langston Retail, LLC; Docket No. 1:24-cv-07699 (VEC)***

Dear Judge Caproni:

My Firm represents Defendant Langston Retail, LLC ("Langston") in the above referenced matter. Plaintiff, Trisa Harris, and Langston agreed to settle Ms. Harris's claims against Langston. Langston's settlement agreement with Plaintiff contains a confidentiality provision. Langston, however, maintains cross-claims against defendant Amazing City Fashion, Inc. ("Amazing City"). Default judgment as to liability has been entered against Amazing City with regard to Langston's cross-claims (ECF Doc. 35). Langston now seeks default judgment for damages against Amazing City for Langston's cross-claims. By Order dated January 28, 2026, the Court directed Langston to show cause regarding its application for default judgment on damages. Langston filed a motion in accordance with the Court's direction on February 27, 2026 (ECF Doc. 49). To maintain confidentiality as to the settlement agreement, Langston submits this letter motion respectfully requesting entry of the attached Order pursuant to Federal Rule of Civil Procedure 5.2(d), the Court's Standing Order 19-MC-583, and Rule 5(B)(ii) of this Court's Individual Rules and Practices in Civil Cases granting Langston leave to file under seal the Confidential Settlement Agreement between Plaintiff and Langston.

The Settlement Agreement between Plaintiff and Langston is designated as a "CONFIDENTIAL SETTLEMENT AGREEMENT". However, the agreement includes an exception in which Langston may present the agreement to the Court and Amazing City on a confidential basis to support its cross-claims against Amazing City. The Confidential Settlement Agreement contains confidential terms, including a confidential monetary payment amount.

**WOOD • SMITH • HENNING • BERMAN**

The Honorable Valerie E. Caproni
Our File No.: 10314-0141
February 27, 2026
Page 2

A confidential settlement agreement required to be disclosed to the court or a party in the action does not need to be publicly disclosed. See *E&R Venture Partners, LLC v. Park Cent. Plaza 32, LLC*, No. 216CV02959RFBGWF, 2017 WL 1734023, at *3 (D. Nev. May 2, 2017). If publicly disclosed, the parties would face substantial prejudice if the settlement were to be disclosed to the public given the confidential terms and monetary payment agreed upon with the presumption of confidentiality to avoid pursuit of other parties or a representative amount for similar claims which may be brought by/against the parties, such an outcome would be against the interest in protecting the confidentiality of settlement agreements. Schoeps v. Museum of Modern Art, 603 F.Supp.2d 673, 676 (S.D.N.Y.2009) (the Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases")  Public policy further supports settlement in cases and enforcing the parties' rights in a contract.  See United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 856 (2d Cir. 1998) (settlement of cases benefits the public and there is strong public policy interest in settlement); and Hasbrouck v. BankAmerica Hous. Servs., 187 F.R.D. 453, 459 (N.D.N.Y.), aff'd sub nom. Hasbrouck v. BankAmerica Hous. Servs., Inc., 190 F.R.D. 42 (N.D.N.Y. 1999) ("while protecting the confidentiality of settlement agreements encourages settlement, which is in the public interest, permitting disclosure would discourage settlements, contrary to the public interest"); Styleline Studios Int'l Ltd. v. Litvack, No. 24-CV-01192 (OEM) (JMW), 2024 WL 4664729, at *14 (E.D.N.Y. Sept. 19, 2024) (there is well recognized and strong public interest in enforcing contracts).

Please note, this case is not subject to the rules and regulations applicable to Fair Labor Standards Act or bankruptcy cases, the parties are not seeking the Court's approval of the settlement, and are, therefore, not subject to the same presumption of public access. Rather, the filing under seal of the Confidential Settlement Agreement is only the confidential disclosure of the settlement amount and other confidential terms in pursuit of Langston's Cross-Claims against Amazing.

If the Court denies the instant application to seal, Langston respectfully requests that the Court schedule a conference for an in-camera review of the confidential settlement agreement. See Sanchez v. Webull Fin. LLC, No. 1:21-CV-00930-ER, 2021 WL 2644937, at *3 (S.D.N.Y. June 24, 2021) (protecting the confidentiality of the parties' settlement agreement in an ADA case by allowing in-camera review of the settlement where necessary).

For the reasons set forth herein, Langston seeks entry of an Order providing leave to file the Confidential Settlement Agreement between Trisa Harris and Langston Retail, LLC under seal, or, in the alternative, the scheduling of a conference for the in-camera review of the Confidential Settlement Agreement between Trisa Harris and Langston Retail, LLC.  Plaintiff's counsel has not objected to the Court receiving the Settlement Agreement on a confidential basis.

We thank the Court for its consideration.

The Honorable Valerie E. Caproni
Our File No.: 10314-0141
February 27, 2026
Page 3

Respectfully submitted,

WOOD, SMITH, HENNING & BERMAN LLP


By: __/s/ Jared K. Levy_____
        Jared K. Levy, Esq.


42068460.1:10314-0141

42072495.1:10314-0141

The parties must appear for a conference on **Friday, April 10, 2026, at 10:00 a.m.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007.

SO ORDERED.                              3/27/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE