USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRISA HARRIS, Plaintiff, -against- LANGSTON RETAIL, LLC, and AMAZING CITY FASHION INC., Defendants. | 24-CV-7699 (VEC) ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 10, 2024, the above-captioned case was commenced, Dkt. 1;

WHEREAS Amazing City Fashion Inc. ("Amazing City") failed to appear;

WHEREAS on May 23, 2025, a default judgment was entered against Amazing City on Defendant Langston Retail, LLC's ("Langston") crossclaim, Dkt. 35;

WHEREAS on February 5, 2026, Amazing City appeared, Dkt. 46;

WHEREAS on August 6, 2026, Amazing City moved to vacate the default judgment as to its liability on the grounds that service was improper and its default was not willful; Langston would not be prejudiced by vacating it; and Amazing City has a meritorious defense, Dkt. 65–66;

WHEREAS Langston opposed this motion, asserting that Amazing City's default was willful; Langston would be prejudiced by vacating it; and Amazing City does not have a meritorious defense, Dkt. 68;

WHEREAS generally, the Second Circuit has a "strong 'preference for resolving disputes on the merits,'" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001));

WHEREAS pursuant to Fed. R. Civ. P. 55(c), a court "may set aside an entry of default for good cause";

WHEREAS the Second Circuit applies three factors to determine if Fed. R. Civ. P. 55(c) relief may be granted: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993);

WHEREAS turning first to willfulness, there is a question of when Amazing City became aware of the above-captioned case versus when Amazing City appeared;

WHEREAS the parties disagree on whether service was proper, and specifically as to whether Dayri Recinos, an employee who was served on February 26, 2025, on the Amazing City premises, *see* Dkt. 18, was an authorized agent of Amazing City, *compare* Dkt. 66-1 at ¶¶ 3, 21 *with* Dkt. 68 at ¶ 6, Exhibit A;

WHEREAS on June 16, 2025, the Court referred this case to mediation, Dkt. 38, and Amazing City, via its owner, Mr. Qu, was sent Zoom links to mediation calls in both September and October 2025, Dkt. 66-1 at ¶¶ 4, 6; Dkt. 68 at ¶¶ 22, 24;

WHEREAS Mr. Qu asserts that he attempted to contact Langston's counsel in response, Dkt. 66-1 at ¶¶ 5, 7, but Langston asserts that Amazing City failed to respond, Dkt. 68 at ¶ 25;

WHEREAS Mr. Qu concedes that he introduced some delay, Dkt. 66 at 3, and was at worst negligent, Dkt. 69 at 4, but he asserts that he was confused and facing a language barrier, *id.* at 3–4; Dkt. 66-1 at ¶¶ 5, 7, 10, Certification;

WHEREAS turning next to prejudice, Langston asserts that it was prejudiced because it "commenced discovery, mediated and reached a settlement with Plaintiff, and pursued its Cross-Claims and default judgment against Amazing City," as well as worked "to comply with the non-monetary terms" of the Confidential Settlement (presumably remediation), Dkt. 68 at ¶¶ 56–57;

WHEREAS Langston took actions that required resources, ultimately Langston did not proceed to trial, and much of the work that Langston completed (*e.g.*, commencing discovery,

having settlement conversations with Plaintiff, and filing its crossclaims) will likely prove necessary or at least productive as the suit progresses;

WHEREAS putting aside resources, although Amazing City introduced delay, "delay alone is not a sufficient basis for establishing prejudice" when vacating a default judgment, *see* *Enron Oil Corp. v. Diakuhara*, 10 F.3d at 98 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983));

WHEREAS turning finally to the matter of a meritorious defense, Amazing City asserts that its lease with Langston barred Amazing City from making structural changes to the building or modifying the storefront, such as by constructing a permanent ramp, to make it accessible to Plaintiff, Dkt. 66-1 at ¶¶ 10, 17;

WHEREAS Langston disputes whether Amazing City was authorized to make changes to the affected area of the premises, Dkt. 68 at ¶¶ 61–63.[1]; and

WHEREAS this factual dispute ultimately will be resolved on the merits but, if Amazing City proved its asserted defense, it would likely be meritorious.

IT IS HEREBY ORDERED that considering all three of these factors, Amazing City has shown good cause why it failed to appear. Amazing City's motion to vacate the default judgment as to its liability at Dkt. 65 is, therefore, GRANTED.

IT IS FURTHER ORDERED that Langston's motion for default judgment as to Amazing City at Dkt. 49 is DENIED. Langston's motions to seal the confidential settlement agreement at Dkt. 50 and for leave to file related legal authority at Dkt. 57 are DENIED as moot. The Clerk

---

[1] This assertion, that Amazing City is obligated to maintain the ADA compliance that Plaintiff demands, strikes the Court as somewhat contradictory, as it is currently pled, to Langston's assertion that Langston has already expended resources complying with the non-monetary aspects of the Confidential Settlement, *see* Dkt. 68 at ¶ 57. Perhaps both can be true, but the Court cautions Langston against trying to have its cake and eat it too.

of Court is respectfully directed to close the open motions at Dkts. 49, 50, 57, 61 (which was addressed by the Court's July 1, 2026, Order at Dkt. 64), and 65.

IT IS FURTHER ORDERED that the parties must meet and confer regarding next steps and submit a joint letter to the Court **no later than October 8, 2026**. If the parties are interested in a referral to Magistrate Judge Parker for a settlement conference, their joint letter to the Court should request such a referral.

**SO ORDERED.**

**Date: September 8, 2026**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**